## KIRBY LUMBER CO. et al. v. CONN et al. (No. 575.)

(Court of Civil Appeals of Texas. Beaumont. May 14, 1920. Rehearing Denied June 9, 1920.)

1. **Trial ⟂352(1)—Issue as to adverse possession held not erroneous.**

An issue, "Do you believe from the evidence that the plaintiff C. has been in peaceful and adverse possession of the land described in plaintiff's petition for a period of 10 years next after the year 1896?" was not erroneous, as limiting the jury in their answer to the 10 years immediately following 1896.

2. **Adverse possession ⟂44 — Adverse occupancy must be for consecutive period of years.**

In order to gain title by adverse possession, occupancy must be for a consecutive period of the required number of years.

3. **Adverse possession ⟂108—Necessity for designation on ground of land claimed.**

As between the record owner and a limitation claimant, the latter cannot claim a specific 160 acres by actual possession for 10 years of less than 160 acres, unless the 160 acres so claimed, has been definitely designated on the ground for 10 years before the institution of the suit, but the limitation claimant can avoid such rule by showing that the specific 160 acres is a fair partition as between him and the record owner.

4. **Tenancy in common ⟂55(1)—Maintainable by one joint tenant against trespasser.**

Since a limitation claimant of an undefined part of the land of another is a joint tenant with the record owner, the limitation claimant can maintain trespass to try title for a specific part of the land against third persons, who showed no title, although he has not occupied all of such land, as there can be no partition, except as between owners.

5. **Adverse possession ⟂57—Adverse occupancy for 10 years held sustained by evidence.**

In an action by one claiming land by adverse possession, evidence *held* to sustain a finding that plaintiff held the land as described in his petition for a period of 10 years.

Appeal from District Court, Newton County; W. T. Davis, Judge.

Action by Mrs. S. N. Conn and others against the Kirby Lumber Company and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Andrews, Streetman, Logue & Mobley, of Houston, for appellants.

Warren & Conn, of Houston, for appellees.

---

WALKER, J. This action was brought in the usual form of trespass to try title by Charles Levias and wife, Ella Levias, and Mrs. S. N. Conn, as sole devisee and independent executrix of the estate of her deceased husband, R. C. Conn, against John H. Kirby and the Kirby Lumber Company. Levias and wife alleged that they were owners of 160 acres of land on the James Gray survey, in Newton county, Texas, describing it in their petition by metes and bounds, basing their claim on the statute of limitation of 10 years. Mrs. Conn held under Levias and wife, and claimed the timber on the land. Defendants answered by general demurrer and plea of not guilty, and the 3, 5, and 10 year statutes of limitation.

The case was submitted to the jury on the following issue:

"Do you believe, from the evidence, that the plaintiff Charles Levias has been in peaceful and adverse possession of the land described in plaintiff's petition for a period of 10 years next after the year 1896?"

—to which the jury answered "Yes." In connection with this issue the court submitted the statute of 10 years' limitation, and defined "peaceable possession" and "adverse possession." On this verdict judgment was rendered for the plaintiffs, from which judgment the defendants have appealed.

Under all their assignments of error, appellants raise the issue that there was no evidence that Charles Levias had had peaceable and adverse possession of the specific 160 acres of land described in the petition for 10 years next after the year 1896. The testimony of Levias is that he entered upon the James Gray survey in 1895, and raised a crop on it, and that he was on this survey from that date until this suit was filed in 1917, cultivating, using, and enjoying the same and claiming 160 acres of land; that he built his house on it during the year 1897, and lived on it continuously from that time until this suit was instituted in December, 1917. In 1907 A. L. Shaw surveyed for Levias and wife 160 acres of land out of the James Gray survey, so as to include their improvements. Prior to this time Levias had been claiming an undivided 160 acres of land. After the survey he claimed to his marked boundaries. The land as surveyed by Shaw was the land described in plaintiffs' petition. In 1908 Levias and wife, by their warranty deed, conveyed to the said Shaw the east one-half of the land for a recited consideration of $125 cash, but in fact no consideration was paid. Shaw was employed by Levias to clear up his title, and agreed to give him one-half of the land for his services. At that time Shaw was not an attorney, and after consulting with competent counsel, he advised Levias that it would be best to take no action to clear up the title, but to wait until suit was brought against him. Shaw took no further steps in the matter. Afterwards R. C. Conn bought the timber on the entire 160 acres from Levias and wife, and then paid Shaw about $300 for a quitclaim deed to his interest in the 160 acres. No line was ever run between the east and west halves. The defendants showed no title in themselves.

[1, 2] In construing the issue submitted to the jury, appellants contend that the court limited them in their answer to the 10 years immediately following 1896; that is to say, the years 1897 to 1906, inclusive. We do not so construe the charge. In answering this issue, the jury were required to consider the occupancy of Levias from January 1, 1897, until the institution of this suit in December, 1917, and any consecutive period of occupancy for 10 years during that period will sustain the verdict of the jury. Appellants' assignments require us to examine the evidence to see if this verdict can be sustained. No question is made but what Levias lived on this land from 1897 until 1917, and that he claimed 160 acres during all this time; but appellants contend that the 10 years' occupancy from 1897 to 1907 cannot sustain a verdict to the specific land surveyed in 1907, citing Bering v. Ashley, 30 S. W. 838; L. & T. Lbr. Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110; L. & T. Lbr. Co. v. Stewart, 61 Tex. Civ. App. 255, 130 S. W. 199; Wickizer v. Williams, 173 S. W. 288, 1162; Patterson v. Bryant, 191 S. W. 771; Dowdell v. McCardell, 193 S. W. 182; Lockin v. Johnson, 202 S. W. 168.

[3] By these authorities it is now settled, beyond dispute, that, as between the record owner and a limitation claimant, the latter cannot claim a specific 160 acres of land by actual possession for 10 years of less than 160 acres, unless the 160 acres so claimed, including the improvements, has been definitely designated on the ground for 10 years before the institution of the suit. To avoid this rule, a limitation claimant must show, by pleading and proof, that the specific 160 acres is a fair partition as between him and the record owner. In this case, while the testimony would sustain such a finding, the issue was not raised by plaintiffs' pleadings.

[4] There can be no partition, except as between the owners. In this case the defendants failed to show any title in themselves. As the plaintiffs were joint tenants with the record owners of the balance of the survey, they could maintain this action to this specific 160 acres as against the defendants, who showed no title in themselves. Hill v. Smith, 6 Tex. Civ. App. 312, 25 S. W. 1079; Padgett v. Guilmartin, 106 Tex. 551, 172 S. W. 1101.

[5] As we construe the evidence in this record, it fully sustains a finding that plaintiffs held the land as described in their petition for a period of 10 years. As shown by the testimony of Levias and his wife, Ella, something like 25 or 30 acres was under fence.

As shown above, no dividing line was ever run between the east and west halves. Ella Levias thus testified as to the location of the improvements on this 160 acres:

"As near as I can come to it, my house and field are somewhere close to the center of this 160 acres."

By this testimony Ella Levias raised the issue as to the location of the improvements on the 160 acres of land. If these improvements were about the center, then a portion of the cleared land must have been on the east half. This being so, the possession of Levins and wife was not disturbed nor broken by the execution of the deed to A. L. Shaw. It is true that Mr. Shaw testified:

"Ella Levias and Charles Levias by that deed (referring to the deed executed to him by Charles and Ella Levias) conveyed to me the east half of that 160 acres that I surveyed out. Their improvements were on the west portion of the 160 acres."

It is not shown by any statement made by appellants that Shaw was ever on this land after he surveyed it in 1907, more than 12 years before his testimony was given in this case. As reflected by this record, it appears that Ella Levias, though a negress, was an intelligent witness, and was thoroughly familiar with the boundaries of her land. We believe that her testimony sustains the verdict of the jury.

We have examined all the assignments raised by appellants, and, as we understand them, what we have said here disposes of all the legal propositions raised.

Finding no error in this record, the judgment of the trial court is in all things affirmed.