KIRBY LUMBER COMPANY v. MRS. S. N. CONN ET AL.

No. 3527. Decided June 25, 1924.

(263 S. W., 902).

1.—Charge—Verdict.

A charge on the issue of title to land by limitation submitted as the sole, question to be determined by the jury whether plaintiff had the necessary peacable adverse possession ''for a period of ten years next after the year

1896." The words "next after" were not ambiguous, and the affirmative verdict of the jury could have been intended only as a finding as to that particular ten years; its correctness was to be tested by the evidence relating thereto; and not by that as to possession for a like term beginning eleven years later. (Pp. 109, 110).

### 2.—Title by Limitation—Possession of Part.

The possession which will give title to 160 acres of land (Rev. Stats., art. 5676) may be that of a mere trespasser for the purpose of so acquiring title, good faith of claim being unnecessary. But where the actual possession is of a less amount (20 acres out of a tract of 1000) it gives title to the land so inclosed, including the possessors improvements, and to enough more to make 160 acres, the limits of which, if not designated during the time of such possession, are to be determined by the court, not by arbitrary selection by the claimant of such title. (P. 110).

### 3.—Same—Case Stated.

A naked trespasser enclosed and improved 15 to 20 acres of land out of a survey of 1000 acres belonging to another. He held possession thereof for 11 years under no deed or claim of title designating the specific 160 acres to which his claim and constructive possession extended, and then had a survey made of the 160 acres claimed by him. He claimed continued possession of the 20 acres and improvements for another 10 years thereafter; but the evidence to support this was neither undisputed nor conclusive. *Held* that his possession for the 10 years prior to the designation of his 160 acre claim by survey could not attach constructively to that specific tract, and a finding in his favor therefor based solely on such possession was unsupported by the proof. (Pp. 110-112).

### 4.—Trespass to Try Title—Limitation.

Plaintiff seeking to recover land on title by limitation must recover on the strength of his own title, and is not helped by defects in that of defendant. (P. 111).

### 5.—Issues not Submitted.

No presumption that issues not submitted were found by the court to support the verdict (Rev. Stats., art. 1985) can be indulged when such presumption is expressly contradicted by the record. (P. 112).

### 6.—Same.

One who without objection permits the court to submit a cause to the jury on a single issue can not claim that other issues, not submitted, should be taken as found by the court in his favor to support an unauthorized verdict and judgment for him on the issue submitted.

Error to the Court of Civil Appeals for the Ninth District in an appeal from Newton County.

Mrs. Conn and Levias and wife sued the Kirby Lumber Co. for recovery of land and value of timber cut thereon, and had judgment which was affirmed on appeal by defendant. (222, S. W., 342). Appellant thereupon obtained writ of error.

*Andrews, Streetman, Logue & Mobley,* for plaintiff in error.

This Honorable Court erred in holding that the plaintiffs, considered as being entitled to 160 acres of land under the ten years'

statute of limitations of this state, should be treated as co-tenants so as to authorize them to recover the whole of the land as against a defendant not showing title. Steddum v. Kirby Lumber Co., 110 Texas, 513; Baldwin v. Godfrank, 88 Texas, 249; Davidson v. Wallingford, 88 Texas, 619; Louisiana & Texas Lbr. Co. v. Kennedy, 142 S. W., 989; Beall v. Clack, 190 S. W., 774; Kirby Lbr. Co. v. Bradford-Hicks Lbr. Co., 203 S. W., 418; William Cameron Co. v. Collier, 153 S. W., 1178; Hickman v. Ferguson, 164 S. W., 1085.

The theory that the limitation claimant is to be regarded as a co-tenant of the entire league with the owners of the league, cannot be sustained, in view of the statute which limits the limitation claimant to 160 acres, to include his improvements. The appellant had a perfect right, therefore, to insist that Levias should be required, as against it, to show title or right of possession, neither of which he had, to the specific 160 acres sued for.

The verdict of the jury answering in the affirmative question No. one submitted to them is wholly without any evidence to support it, for that there was no evidence that Charley Levias had had Peaceable and adverse possession of the specific 160 acres of land described in their petiton, for ten years next after the year 1896. Article 5675, Vernon's Sayles' Revised Civil Statutes, 1914; Article 5676, Vernon's Sayles' Revised Civil Statutes, 1914; L. & T. Lumber Co. v. Kennedy, 103 Texas, 297; L. & T. Lumber Co. v. Stewart, 130 S .W., 199; Wickizer v. Williams, 173 S. W., 288, 173 S. W., 1162; Patterson v. Bryant, 191 S. W., 771; Dowdell v. McCardell, 193 S. W., 182; Davis v. Collins, 169 S. W., 1128; Lockin v. Johnson, 202 S. W., 168; G. H. & S. A. R. Co. v. Huegle, 158 S. W., 197; Bering v. Ashley, 30 S. W., 838; Smith v. Simpson Bank, 113 S. W., 568; Giddings v. Fischer, 97 Texas, 184; Titel v. Garland, 99 Texas, 201; Rice v. Goolsbee, 99 S. W., 1031; Bracken v. Jones, 63 Texas, 184.

The construction of the words "next after" placed thereupon by the Court of Civil Appeals is in the very teeth of the use of the word "next" in ordinary as well as legal parlance. Such construction not only has a bearing upon this case, but is farreaching, for such expression is of frequent occurrence in contracts of every sort and in charges to juries.

*Warren & Conn,* for appellees.

Appellees having plead in trespass to try title, and the evidence showing their actual possession for nearly 23 years, they were entitled to recover as prayed for, as against appellant who showed neither title nor possession, nor right of possession, as prior possession is presumptive evidence of title in the possessor. Lockett v. Glenn, 65 S. W., 482; Mumme v. McCloskey, 28 Texas Civ. App., 83; 66 S. W., 853; Cocke v. Texas, etc. R. Co. 46 Texas Civ. App., 363, 103

S. W., 407; Hutcheson v. Chandler, 47 Texas Civ. App., 124, 104
S. W., 434; McAdams v. Hooks 47 Texas Civ. App., 79, 104 S. W.,
432; Austin v. Espuela Land etc., Co. 107 S. W., 1138, 1142; Cook
v. Spencer, 91 S. W., 813; House v. Reavis 89 Texas, 626; Conn v.
Marshburn, 169 S. W., 1113; Teagarden v. Patten, 48 Texas Civ.
App. 571, 107 S. W., 909; Alexander v. Gilliam, 39 Texas, 227;
Duren v. Strong, 53 Texas, 379; Caplen v. Drew, 54 Texas, 493;
Parker v. Ft. Worth, etc., R. Co., 71 Texas, 132; Watkins v. Smith,
91 Texas, 589-591; Gray v. Thompson, 5 Texas Civ. App., 32, 23
S. W., 926; Boyd v. Miller, 22 Texas Civ. App., 165, 54 S. W., 411;
Estes v. Turner, 70 S. W., 1007; League v. Snyder, 5 Texas Civ. App.,
13, 23 S. W., 825; Swan v. Busby, 5 Texas Civ. App., 63, 24 S. W.,
303; Dickey v. Grace, 25 S. W., 41.

The appellant did not request the submission of any question of
fact to the jury. The court was authorized to find questions of
fact not submitted and not requested to be submitted. He evidently
concluded judgment should be rendered for. appellees as prayed for,
having in view the evidence as a whole.

Sayles' Ann. Civ. Statutes of Texas, 1897, art. 1331; Moore v.
Pierson, 100 Texas, 115; Walker v. Marchbanks, 32 Texas Civ. App.,
303, 74 S. W., 929.

The evidence supported the following conclusions by the Court:
(1) That Levias had been in adverse possession of the land de-
scribed since May or June, 1895, until the time of the trial. (2) That
he had a survey made in the Spring of 1907, and marked the lines
and corners. (3) That the land surveyed was the land that he had
claimed, and was in possession of. (4) That he had been in peace-
able and adverse possession since the spring of 1907 claiming under
a survey, wherein the lines were marked. (5) That he had been in
actual possession of a part of the West and of the East halves since
June 1895. (6) That there had never been any severance of the
East half from the West half. (7) That the only claim Mrs. Conn
had to the property was the timber thereon.

It was agreed that only one issue should be submitted to the jury.
No special charge was requested. This being a special verdict, the
law, in the absence of the agreement, clothed the court with the
right to find such other facts as were necessary to a judgment.
Lancaster v. Richardson, 45 S. W., 409; Phoenix Ins. Co. v. Moore,
46 S. W., 1131; Divine v. U. S. Mort. Co., 48 S. W., 585; Leary v.
Peoples B., L. & Sav. Assn., 93 Texas, 1; Armstrong v. Elliot, 20
Texas Civ. App., 41; Southern Cot. Oil Co. v. Wallace, 23 Texas Civ.
App., 12; Matuca v. Lane, 22 Texas Civ. App., 391: Read v.
Henderson, 57 S. W., 78; Whitewright v. Taylor, 23 Texas Civ. App.,
486; O'Breneman v. Mayer, 38 S. W., 733; Texarkana & Ft. S. R. Co.
v. Spencer, 67 S. W., 196; Hardin v. Jones, 29 Texas Civ. App., 350;

Holly & Co. v. Simmons, 38 Texas Civ. App., 124; Union Carpet Lining Co. v. Miller & Co., 38 Texas Civ. App., 575; Cobb v. Robertson, 99 Texas, 138.

The issue tendered by the appellees' pleadings was that the plaintiffs had been in peaceable and adverse possession of the land described in their pleadings for more than ten years prior to the institution of their suit.   Our proof showed that we had been in peaceable and adverse possession of the land sued for for twenty-two years prior to the institution of the suit, twelve years of which had been held under a survey fixing on the ground the one hundred sixty acres claimed. If the proof had not shown a survey for more than ten years prior to the institution of the suit the contention could rightly be made, that alternative pleadings were necessary, and that  these pleadings should be sustained by proof before the limitation claimant could appropriate a specific one hundred sixty acres.   The following authorities establish that in a case like this alternative pleadings are not necessary.  Bering v. Ashley, 30 S. W., 838; Louisiana & Texas Lbr. Co. v. Kennedy, 103 Texas, 297; Louisiana & Tex. Lbr. Co. v. Stewart, 130 S. W., 199; Giddings v. Fischer, 97 Texas, 184; Titel v. Garland, 99 Texas, 201; Rice v. Goolsbee, 45 Texas, Civ. App., 254, 99 S. W., 1031; Patterson v. Bryant, 191 S. W., 771.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Defendant in error Charles Levias joined by his wife, Ella Levias, sued plaintiff in error, the Kirby Lumber Company, and John H. Kirby, to recover 160 acres of land, part of the James Gray survey in Newton County, and specially plead title under the statute of limitations of ten years.  Defendant in error Mrs. S. N. Conn joined in the petition of Charles Levias and wife, averring that plaintiff in error had unlawfully converted a fence and pine timber on said tract of land, which belonged to defendant in error Mrs. S. N. Conn, and she sought to recover her damages in the aggregate sum of $4350 with interest.

The pleadings of plaintiff in error embodied, among other matters, a general denial and plea of not guilty.

There was evidence that defendant in error, Charles Levias, occupied and cultivated fifteen to twenty acres of the James Gray Survey, which embraced more than a thousand acres, from 1896 until December, 1917, when this suit was brought.   There was evidence that Levias moved on the Gray survey in order to get a home and that he built a dwelling on the fifteen or twenty acres, which was continuously occupied by himself and family from 1896 to 1917; that he claimed an undefined 160 acres of the Gray survey to include his improvements, from 1896 until 1907, when he caused the 160

acres sued for to be surveyed, and that since the tract of 160 acres was surveyed he claimed that specific land.

Defendants in error offered in evidence a deed from Charles Levias and Ella Levias to A. L. Shaw, of date April 14, 1908, acknowledged by Charles Levias alone, for a recited consideration of $300 cash, to the East half of Levias' pre-emption of 160 acres surveyed out of the James Gray survey. On April 19, 1916, Charles Levias and Ella Levias conveyed to R. C. Conn all their merchantable timber on the 160 acres tract. On August 20, 1917, A. L. Shaw conveyed to R. C. Conn his entire interest in the 160 acres. Defendant in error Mrs. S. N. Conn is the sole devisee under the will of R. C. Conn.

There was evidence that in 1909 Charles Levias had executed a written acknowledgment of tenancy to one under whom plaintiff in error claims the land in controversy. Levias denied that he executed such acknowledgment.

The court instructed the jury that only one question would be submitted for the jury to answer, and that the jury's answer to that question would furnish the basis for the court's judgment. Thereupon the court submited to the jury the following question:

"Do you believe from the evidence that the plaintiff, Charley Levias, has been in peaceable and adverse possession of the land described in the plaintiffs' petition for a period of ten years next after the year 1896?"

Before the charge was read to the jury, plaintiff in error, by its attorneys, duly excepted thereto on the ground that the undisputed evidence required a negative answer to the question; and that hence no such question should be submited to the jury.

The jury answered the question in the affirmative and judgment was rendered against plaintiff in error and John Kirby, in favor of Charles Levias, for the 160 acres tract of land in controversy, except the timber, and against plaintiff in error Kirby Lumber Company in favor of Mrs. S. N. Conn for $3488.06 and interest, for timber removed from the land. The judgment was affirmed on appeal. 222 S. W., 342.

Plaintiff in error contends that the Court of Civil Appeals erred in affirming the judgment of the trial court, because based on an affirmative answer to the single question submitted to the jury, when the undisputed evidence required a negative answer to the question.

It seems plain that the jurors must have understood that they were asked to answer whether Levias had been in adverse as well as peaceable possession of the tract of land described in plaintiffs' petition for the ten years immediately following 1896. There is nothing ambiguous in "*next* after the year 1896." This language could not relate to a period beginning some eleven years after 1896.

So, it must be accepted that the answer of the jury, on which the judgment against plaintiff in error is based, is that Charles Levias had been in peaceable and adverse possession of the 160 acres for which he sued throughout the period of ten years, commencing with the year 1897. The uncontradicted evidence repels the truth of the finding.

In order for a person, having neither title nor color of title nor deed duly registered, to acquire full title, precluding all claims, to real estate in Texas, which will support an action for the recovery of the real estate, such person must have had peaceable and adverse possession of the real estate for not less than ten years. An essential of the required adverse possession is an appropriation of the land under a claim of right. One may hold land under a claim of right though he enters as a naked trespasser and continues his appropriation of the land for the express purpose of acquiring that which he knows belongs to another. The *mala fides* of the possessor is not fatal to his claim of right. Yet, without intent to claim land as his own, no matter how groundless the claim, the possessor can never acquire a limitation title thereto. Craig v. Cartwight, 65 Texas, 423; Holland v. Nance, 102 Texas, 183, 114 S. W., 346; Houston Oil Co. v. Jones, 109 Texas, 90, 198 S. W., 290.

Where land in a claimant's actual possession is less than 160 acres, he cannot acquire title to more than 160 acres, under article 5676 of the Revised Statutes, in the absence of a duly registered, written memorandum of title fixing the boundaries of a larger claim. He can acquire nothing without the land claimed. He can claim his improvements or enclosed acreage and enough additional land to make 160 acres, though the boundaries of the 160 acres had not been defined. In such event, even with proper pleadings and proof, he recovers no specific 160 acres of land, which he may arbitrarily designate. The statute instead simply entitles him when his possession has ripened into title, as the holder of that which is superior to the claim of the aforetime owner, to recover his improvements or his acreage actually enclosed and enough additional land to make out 160 acres, which becomes the duty of the court to fairly and equitably segregate from the remainder of the larger tract. Bering v. Ashley. 30 S. W., 838; La. & Tex. Lbr. Co. v. Stewart, 61 Texas Civ. App., 255, 130 S. W., 203; La. & Tex. Lbr. Co. v. Kennedy, 103 Texas, 297, 126 S. W., 1110.

By virtue of article 5676, if one claimed an undefined 160 acres, to include the improvements or enclosed acreage in his actual possession, the portion of the undefined 160 acres not improved or enclosed would be in his constructive possession. Or, by virtue of the same article, one could hold actual and constructive possession of any tract with definite boundaries which he claimed, provided it did

not contain more than 160 acres where he had no duly registered memorandum of title. His constructive possession would cover the portion of such tract which was not reduced to his actual possession.

Levias had neither actual nor constructive possession of the precise tract described in his petition, save to the extent of the fifteen or twenty acres of which he had actual possession, prior to the segregation by actual survey in 1907 of the 160 acres from the remainder of the land. Prior to 1907 Levias asserted no claim of right to anything save an undefined 160 acres to include his improvements. Without actual or constructive possession of the portion of the specific tract sued for lying without the fifteen or twenty acres, it was impossible for Levias to have adverse possession thereof prior to 1907, and hence impossible for him to perfect title thereto under the ten years statute of limitation. McBurney v. Knox, 111 Texas, 513,241 S. W., 1000; Houston Oil Co. v. Ainsworth, 228 S. W., 187. The petition in this case asserted title in Charles Levias to a specific tract containing 160 acres of land. The jury found that Levias had been in peaceable and adverse possession of that tract for ten years next after 1896. The evidence disclosed an absence of claim to any specific 160 acres until 1907 when it was first carved out of a larger tract by means of a survey. Despite the want of evidence to support the jury's finding, it was made the basis of the judgment for Levias. A judgment on such an unsupported finding cannot be upheld.

It cannot avail to support the judgment for the specific 160 acres of land that there was evidence which might, under proper pleadings, have supported a recovery by Levias of some tract on the larger survey, to include the improvements made by him, with boundaries to be established by the court. Bering v. Ashley, supra.

Defects in plaintiff in error's chain of title can be of no avail to the limitation claimant suing as plaintiff in this case. He must recover on the strength of his own title. Though he had become entitled to have the court award to him 160 acres of land to include improvements and though he had brought a proper action to secure such award, he would have had no right in or to any other part of the Gray survey. Had Levias owned an undivided interest in the entire Gray survey his rights would have been quite different, and the Court of Civil Appeals erred in the assumption that any lack of title on the part of plaintiff in error could operate to enlarge Levias' recovery beyond what it should have been had the record title of plaintiff in error been flawless.

Defendants in error urge that the judgment in their favor should be sustained because the undisputed evidence showed that Levias had peaceable and adverse possession of the 160 acres tract for more than ten years before this suit was filed. But, while there is evidence tending to show such possession, commencing in 1907, it is neither

undisputed nor conclusive. For instance, though Levias denied its execution, yet there was in evidence a written and registered acknowledgment of tenancy, dated in 1909, to plaintiff in error's predecessor in title, which purports to have been signed and acknowledged by Levias. Thus there was raised an issue as to whether Levias' possession of the specific land sued for was adverse or in subordination to the claim now held by plaintiff in error, which only the jury was authorized to determine, unless the parties consented to its adjudication by the court.

But, defendants in error strongly insist that if the issue as to defendant in error Charles Levias having acquired title by peaceable and adverse possession for ten years after the date of the survey of the 160 acres tract was not submitted to the jury, then, since not submitted and not requested, such issue must be deemed, under article 1985 of the Revised Statutes, to have been found in favor of defendants in error, in order to sustain the trial court's judgment.

For two reasons, this contention of defendants in error cannot be sanctioned. First, no presumption will be indulged under article 1985 which is expressly contradicted by the record. By the charge, sanctioned by defendants in error in witholding objection, thereto, the court made the right of defendants in error to recover the 160 acres of land depend wholly on the jury's decision of the question submitted by the court. Second, no other conclusion is warranted in this case than that defendants in error waived any right to recover, under the law as applied to controverted facts in evidence, save as found by the jury in answer to the question submitted to them. Texas Drug Co. v. Cadwell, 237 S. W., 976; San Antonio Public Service Co. v. Tracy, 221 S. W., 638.

It is ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that this case be remanded to the District Court for a new trial.