### OLIVER v. WEST LUMBER CO.   (No. 1299.)*

(Court of Civil Appeals of Texas.   Beaumont. June 26, 1926.   Rehearing Denied Oct. 13, 1926.)

**1. Adverse possession ⬦⟶107 — Possession of portion of large tract under claim of undefined 160 acres entitles occupant to an undivided 160 acres thereof.**

A limitation claimant, who has been in possession of portion of a large tract, claiming 160 acres thereof, without muniment of title fixing boundaries of his claim, or where same are not otherwise definitely fixed, has right to an undivided 160 acres thereof, including improvements, and to have same set apart to him.

**2. Adverse possession ⬦⟶110(4)—Claimant of specific 160 acres, without designation in deed or otherwise, must identify same in plea, and prove adverse possession and claim thereof for ten years.**

Claimant, in possession of portion of large tract sued for, claiming a specific 160 acres thereof, without muniment of title fixing boundaries of his claim, and where not otherwise fixed, must identify it in his plea and prove adverse possession and claim for 10 years of the identical tract.

**3. Stipulations ⬦⟶14(4)—Under claim to specific tract and agreement that, unless defendant had limitation title, plaintiff was owner, question of equitable partition was not involved.**

Where, under the pleadings and stipulation, claimant to a specific 160 acres agreed that, unless he had limitation title thereto, plaintiff owned entire tract, the question of equitable partition was not involved, and plaintiff was entitled to recovery, unless claimant showed limitation title thereto.

**4. Pleading ⬦⟶236(4).**

Grant or refusal of motion for permission to file a trial amendment after all the evidence had been submitted and the law of the case argued on motions for instructed verdict held within discretion of court.

**5. Stipulations ⬦⟶14(4)—Refusal to allow trial amendment, pleading equitable partition, held not abuse of discretion, in view of parties' agreement.**

Where defendant pleaded limitation title to specific 160 acres, refusal to allow him to file a trial amendment, pleading an equitable partition,

held not an abuse of discretion, where parties agreed, unless defendant had limitation title thereto, plaintiff owned all the land.

**6. Adverse possession ⬦⟶114(2)—That claimant surveyed 160 acres in square form to include his improvements held not to require holding that his designation was an equitable partition.**

That claimant, who pleaded limitation title, had surveyed 160 acres claimed by him in a square form so as to include his improvements held insufficient to require holding that his designation was a fair and equitable partition, since there was neither pleading nor proof thereof.

**7. Stipulations ⬦⟶18(4)—Defendant could not repudiate pleadings, claiming a specific tract and stipulation that, unless he had limitation title thereto, plaintiff owned entire tract.**

Where defendant pleaded limitation title to a specific 160 acres, and stipulated that, unless he had limitation title, plaintiff owned entire tract, he could not repudiate pleadings and agreement and defeat recovery on ground that his claim covered other land.

Appeal from District Court, Polk County; J. L. Manry, Judge.

Suit in trespass to try title by the West Lumber Company against Isaiah (Bud) Oliver.   Judgment for plaintiff, except as to two small tracts, and defendant appeals.   Affirmed.

Collins & Houston, of Dallas, for appellant.
J. A. Platt, of Houston, and Feagin & Feagin, of Livingston, for appellee.

O'QUINN, J.   This was a suit in trespass to try title brought by appellee in the district court of Polk county, Tex., November 7, 1923, against appellant to recover a tract of land known as the George W. Toliver survey of 2,779 acres, less 200 acres in the name of C. R. Miller.

Appellant answered November 20, 1923, by general demurrer, general denial, and plea of not guilty.   Later, December 10, 1924, appellant filed an amended answer, consisting of a general demurrer, general denial, plea of not guilty, and also pleaded the statute of ten-year limitation to a specific tract of 160 acres, describing same by metes and bounds.

After the filing of appellant's amended answer setting up title to 160 acres of the land in controversy, describing same by metes and bounds, appellee, December 18, 1924, filed an amended original petition, wherein the suit was for only the specific 160 acres claimed by appellant in his answer, describing same by metes and bounds, as set forth in appellant's amended answer.   The case was tried to a jury.

After announcing ready for trial, the parties filed in court the following agreement:

"It is agreed that plaintiff is the legal owner of, and has the record title to, the land described in its petition, and is entitled to recover herein

---

for the land sued for, unless defendant is able to establish, upon the trial, title thereto by ten-year statute of limitation. It is further agreed that plaintiff herein owns all of the G. W. Toliver 2,779-acre survey of land, of which the land sued for is a part, unless defendant has acquired title by limitation of the 160-acre tract sued for, and except what is known as the Miller 200 acres, adjoining the land sued for on the north and on the west, and defendant does not concede that plaintiff has the record title to that portion of the said G. W. Toliver survey which may be in conflict with the Watson survey; but it is agreed that no part of said Watson survey is in conflict with, or contiguous to, the 160 acres sued for, and it is further agreed that the deed conveying the G. W. Toliver survey to plaintiff, West Lumber Company, is dated December 1, 1909, and describes the entire Toliver survey by one set of field notes, excepting therefrom the said Miller 200-acre tract."

Appellee offered this agreement in evidence and rested. Appellant then offered his proof of limitation. At the conclusion of the evidence both parties moved the court for a peremptory instruction. After discussion of the motions for an instructed verdict, appellant presented his motion for permission to file a trial amendment as follows:

"In the above entitled and numbered cause, after the parties had rested their case, but before the court had instructed the jury, the court having indicated that he believed the evidence was insufficient to support defendant's claim to a specific 160 acres of land, comes now defendant and prays the court for leave to file a trial amendment, pleading that he had made an equitable partition of the land between himself and plaintiff, or that he was entitled to 160 acres, including his improvements, and praying for a partition of the land between himself and plaintiff under the order and direction of the court, and in duty bound will ever pray."

The judgment, of the court overruling appellant's motion for permission to file a trial amendment is:

"After argument of law by the respective parties to this suit for an instructed verdict for their respective clients, and after the court had indicated from the bench his conclusions as to the law of the case, the defendant then and there requested the court to grant permission to file a trial amendment; plaintiff objected, and the court sustained the objection, and refused to grant the filing of a trial amendment as coming too late."

The court then charged the jury:

"In this case the defendant, Isaiah (Bud) Oliver, having pleaded limitation to a specific 160 acres of land, and having wholly failed, by the evidence, to show or sustain such pleading, you are charged to find for the plaintiff, West Lumber Company, for all of the land sued for by it, save the two tracts thereof shown by the evidence to be actually inclosed by the defendant, and you will find for the defendant for said two tracts thereof so inclosed by the fences of the defendant."

The jury returned a verdict as directed by the court, and judgment was accordingly rendered. Motion for a new trial was overruled, and appellant brings this appeal.

Appellant's first five propositions assail as error the court's charge instructing the jury that appellant was not entitled to recover the specific 160 acres to which he had pleaded title by the ten-year statute of limitation, and to find for appellee except as to two small tracts actually inclosed by appellant, which they would award to appellant. The court's charge was upon the theory that, while appellant had shown that the portion of the 160 acres in controversy inclosed by him had been in the possession, control, and use of the appellant for more than ten years next preceding the filing of this suit, still the evidence failed to show that appellant had claimed the identical 160 acres described by him in his answer for ten years next preceding the filing of the suit.

The record reflects that in 1895 R. L. (Dick) Murphy owned 100 acres adjoining the land in controversy. In 1896 he cleared, fenced, and cultivated some 15 acres on the Toliver across his line on the south. He built a small house on this 15 acres, and it was used for various purposes. He also crossed his line and cleared, fenced, and cultivated some 5 acres on the Toliver on the east. He claimed 160 acres of the Toliver to include his said improvements. The 160 acres so claimed by him were never designated; he merely claiming same to include his improvements. In 1899 he sold his 100 acres to one C. H. Davidson, and Davidson sold same to appellant, Oliver. At said time Murphy also sold to Oliver his claim to 160 acres on the Toliver. no designation of the 160 acres being made, but merely sold his claim, the same to include his improvements (the 15 acres with the house on it and the 5 acres). Oliver took possession, and continued to use the two inclosures. At the time of the sale Murphy did not make Oliver any deed to the 160-acre claim. There was no designation of the 160-acre. In September, 1922, Oliver had the 160 acres, including the improvements, surveyed, and had Murphy execute to him a quitclaim deed to the 160 acres that he described in his answer—the 160 acres here in question. There was no proof that appellant had ever claimed the specific 160 acres described in his deed from Murphy and in his answer prior to having it surveyed in September, 1922. His claim was to 160 acres to include his improvements.

[1, 2] Under this state of the pleadings and the facts, we think the judgment must be affirmed. The law is well settled that, where a claimant under the ten-year statute of limitation, who has been in possession of a portion of a large tract of land, claiming 160 acres thereof without any deed or other muniment of title fixing the boundaries of his claim, or where same are not otherwise definitely fixed, the claimant has the right to acquire title to an undivided 160 acres of such large tract, including his improvements,

and to have same designated and set apart to him by the court. However, if such occupant claims a specific 160 acres, he must sufficiently describe same in his plea to identify it, and must prove his open and notorious adverse possession and claim for and during ten years prior to the institution of the suit of the identical 160 acres so claimed and described. Bering v. Ashley (Tex. Civ. App.) 30 S. W. 838; L. & T. Lumber Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110; L. & T. Lumber Co. v. Stewart, 61 Tex. Civ. App. 255, 130 S. W. 199; Kirby Lumber Co. v. Conn (Tex. Civ. App.) 222 S. W. 342; Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W. 902. When appellant bought Murphy's claim to 160 acres of the land, there was no particular 160 acres pointed out to him as constituting the claim, nor any definite designation of said 160 acres; the only claim and description being 160 acres to include the improvements. No designation of the 160 acres was made until in September, 1922, when appellant, by his own choosing, had 160 acres surveyed, and got Murphy to execute to him a quitclaim deed to same. There is no evidence to show that appellant claimed the identical 160 acres described in the deed for ten years prior to the filing of the suit, or, in fact, prior to its being surveyed in 1922.

By his sixth proposition, appellant insists that, since only 160 acres of the Toliver survey were in controversy, the suit is not such as to require the pleading and proof by appellant of an equitable partition, or that appellant had claimed the specific 160 acres described in his answer for ten years, or to pray in the alternative for the court to order a partition.

[3] Appellee, as plaintiff below, filed this suit originally for the entire 2,779 acres of the Toliver survey, less 200 acres in the name of C. R. Miller. By amended answer, appellant set up claim to 160 acres, describing same by metes and bounds, under the ten-year statute of limitation. After the filing of this answer claiming a certain 160 acres of the land, appellee filed an amended petition, suing only for this specific 160 acres. There was no objection or exception of any nature to this amended pleading or the cause of action therein stated. At the beginning of the trial, appellant agreed with appellee as to the ownership of the land, as shown by the agreement above set out. It is thus seen that appellant agreed, not only that appellee was the legal owner of the 160 acres in controversy, unless appellant had title to same by the ten-year statute of limitation, but that appellee was the owner of all the George W. Toliver 2,779-acre survey, except the Miller 200 acres. Further, appellant agreed that appellee was the owner of all the Toliver survey that adjoined or surrounded the 160 acres claimed by appellant. So, under the pleadings and admissions, the question of equitable partition was not involved, and appellee was

entitled to recover, unless appellant showed limitation title to the specific 160 acres claimed by him.

Appellant's seventh proposition asserts that the court erred in refusing appellant's motion to be allowed to file a trial amendment authorizing the court to make an equitable partition of the land, setting apart to appellant 160 acres, including his improvements, under his plea and proof of limitation.

Appellant's assignment of error upon which this proposition is based is:

"The undisputed evidence in this case showing that defendant's adverse claim, possession, use, and enjoyment of distinct and separate portions of the land in controversy were such as to entitle him to 160 acres of land including his improvements, the court erred in refusing defendant's motion made after the parties had rested their case and before the court instructed the jury for leave to file a trial amendment."

Appellant's motion and judgment of the court overruling same have already been set out above. Appellant's bill of exception to the court's denying the motion is as follows:

"Be it remembered that upon the trial of this cause, and after the parties had rested the case, and after argument and presentation of authorities had been made on motions filed for each party for an instructed verdict, the court intimated that defendant could not recover, because he had pleaded limitation to a specific 160 acres, and had not adduced sufficient proof to sustain the issue that he claimed the specific tract claimed by him ten years, and had failed to plead that the tract so claimed by him was an equitable partition between plaintiff and defendant of the entire acreage owned by plaintiff in the Toliver survey, nor had asked the court to order an equitable partition thereof between the parties.

"Then defendant insisted before the court that inasmuch as plaintiff had sued for only 160 acres, including defendant's improvements, there was no reason for invoking the rule of equitable partition between the parties as in ordinary limitation cases, but the court thought so, and so stated.

"Thereupon defendant prayed the court to allow the filing of a trial amendment setting up the fact that this 160 acres claimed by him and sued for by plaintiff was a fair and equitable partition of the larger tract owned by plaintiff, and that defendant in equity was entitled to that specific tract, but the court refused defendant's prayer to file such trial amendment, to which action of the court defendant excepted, and now tenders this his bill of exception No. 1, and prays that same be allowed and approved and ordered filed as a part of the record in this case."

[4, 5] The motion came after the evidence had all been submitted and the law of the case argued to the court on motion for instructed verdict, and, coming at this time, its granting or refusal was a matter within the discretion of the court, and we do not think it can be said, under the state of the case, that the court abused his discretion. Bender v. Bender (Tex. Civ. App.) 187 S. W. 735;

Thornton v. Goodman (Tex. Civ. App.) 185 S. W. 926; McGregor v. Skinner (Tex. Civ. App.) 47 S. W. 398; Jackson v. Blair (Tex. Civ. App.) 165 S. W. 522; Goodman ·v. Republic Investment Co. (Tex. Civ. App.) 215 S. W. 466. Had the court permitted the filing of the amendment, appellee would have had the right to have asked for a discharge of the jury and a continuance of the case in order to obtain testimony to meet the new issues that would have been thus injected into the case. Furthermore, by the agreement made at the beginning of the trial, title to all of the land was in appellee, unless appellant had title by limitation to the specific 160 acres described by him in his answer and plea of limitation. Therefore, it being admitted that all the land in the Toliver tract belonged to appellee other than the 160 acres claimed by appellant, an amendment, if filed, pleading that appellant was entitled to some 160 acres, if not the identical 160 acres claimed by him, could not have entitled appellant to judgment for any land other than the 160 acres claimed by him, for his admission of title in appellee to all the rest barred him from a recovery of any other. His plea would have been in the face of, and contrary to, his agreement that appellee was the owner of the land other than the specific 160 acres designated in his answer.

Appellant's eighth proposition is to the effect that, the evidence showing that the 160 acres claimed by him in his answer was surveyed as nearly as possible in a square form so as to include his improvements, it was sufficient to establish an equitable partition of the land, even though it was admitted by him on the trial that appellee owned all the Toliver tract contiguous to the specific 160 acres, and that the court erred in not holding as a matter of law that under the facts appellant's designation of the land as surveyed by him was a fair and equitable partition entitling him to the 160 acres.

[6] The assignment is overruled. In the first place, there is neither pleading nor proof that surveying the land in a square as nearly as could be would have been an equitable and just partition of the land either as to shape, convenience, or value; and, in the next place, there being no such pleading by appellant, such judgment could not be rendered, for it is elementary that judgments must follow the pleadings. For the court to have held as a matter of law that appellant was entitled to the 160 acres in the manner claimed by appellant would have been against all the decisions, as we understand them, and without any basis in the pleadings. Dupont v. T. & N. O. Railroad Co. (Tex. Civ. App.) 158 S. W. 195; Kirby Lumber Co. v. Conn (Tex. Civ. App.) 222 S. W. 342; Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W. 904.

[7] Appellant's ninth and tenth propositions insist that appellee should have brought suit for all the land in the Toliver survey which it owned, although appellant was only claiming a specific 160 acres under the ten-year statute of limitation. In appellee's original petition, it sued for the entire tract of 2,579 acres which it claimed to own in the Toliver survey, but when appellant, in his amended answer, set up claim to a specific 160 acres of the land, appellee then amended its petition and sued for that specific 160 acres only, and it was agreed between the parties that appellee was the owner of the 160 acres, unless appellant had title to same by the ten-year statute of limitation, and further agreed that appellee owned all the remainder of the 2,579 acres surrounding the 160 acres. Appellant, in his amended answer, says:

"That the land sued for herein by plaintiff, and owned and claimed by defendant under the statute of limitation, is described as follows, to wit, a 160-acre survey, about 14 miles southeast of Livingston in Polk county, Tex., and being a part of the Geo. W. Toliver survey, and described as follows,"

—and here follows the description by metes and bounds. This plea was, in effect, a disclaimer of any claim or interest in or to any of the remainder of the tract, and, as said before, appellant agreed that appellee owned all the Toliver survey, unless he had limitation title to the specific 160 acres described by him in his answer. Having done this, appellant could not repudiate his pleadings and agreement and defeat a recovery by appellee on the ground that his claim covered other land than that alleged by him. Stark v. Leonard (Tex. Civ. App.) 212 S. W. 679. The assignments are overruled.

No reversible error being shown, the judgment should be affirmed, and it is so ordered.

Affirmed.