**BULIN et al. v. SMITH. (No. 832–4887.)**

Commission of Appeals of Texas, Section B. Jan. 18, 1928.

Appeal and error ⚌930(3)—Cause of action or ground of defense, not submitted, or requested to be submitted, must be held to have been waived; statutory presumption being inapplicable (Rev. St. 1925, art. 2190).

Cause of action or ground of defense, not submitted to jury, or requested to be submitted, must be held to have been waived; Rev. St. 1925, art. 2190, providing that issue not submitted and not requested is deemed as found by court to support judgment, if there is evidence to sustain such finding, being inapplicable, in view of distinction between "issue" and "ground of recovery or defense."

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by M. W. Smith, trustee in bankruptcy, of J. N. Bulin, against L. J. Bulin and others. Judgment for plaintiff was reformed and affirmed (294 S. W. 317), and defendants bring error. Reversed and rendered.

A. P. Dohoney, of Paris, Tex., McMahan, Dohoney & Dail, of Greenville, and O. C. Mulkey, of Commerce, for plaintiffs in error.

Joel H. Berry, of Houston, and L. L. James, of Greenville, for defendant in error.

SPEER, J. The writ of error has been granted herein to review the holding of the Court of Civil Appeals upon a question of practice with reference to the submission of cases upon special issues. The report of the opinion of the Court of Civil Appeals will be found in 294 S. W. 317, and the question of practice is made clear by the assignment of error upon which the writ was granted, as follows:·

"The Court of Civil Appeals erred in not sustaining petitioners' second proposition and the assignments to which it relates, and in refusing to reverse the judgment of the district court on the grounds stated in said proposition, that is, that the district court erred in finding that the consideration for the surrender and cancellation of the notes in controversy was inadequate, for the reason that, the defendant in error having alleged that the transfer of the notes was without consideration, or, if for a consideration, that the consideration was inadequate, the first issue only having been submitted to the jury and decided in petitioners' favor by the verdict, they were entitled to judgment thereon. The question as to whether or not the consideration was inadequate was an independent issue and ground of recovery, and, the district court not having submitted the same to the jury, and defendant in error not having requested the submission thereof, it was waived and the action of the district court in finding that the consideration was inadequate as a matter of law was not authorized, and erroneous."

Since the submission of this cause before us, the Supreme Court has rendered a written opinion in refusing a writ of error in Ormsby v. Ratcliffe, 1 S.W.(2d) 1084, which is decisive upon the question of practice referred to. In that case it is said:

"In this case, and in a number of other cases, it is insisted and has been urged that the provision of the statute wherein it is provided that 'An issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment, if there is evidence to sustain such finding,' includes and applies to all unsubmitted issues in a case, and that such an issue is not waived, and cannot be waived, by a mere failure to request its submission. * * * When the omitted issue constitutes a complete ground of recovery or a complete defense, a failure to request a submission of that issue waives said ground of recovery or said ground of defense. Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W. 902; San Antonio Public Service Co. v. Tracy (Tex. Civ. App.) 221 S. W. 637; Texas Drug Co. v. Cadwell (Tex. Civ. App.) 237 S. W. 968 [976]; G. H. & S. A. Ry. Co. v. Price (Tex. Com. App.) 240 S. W. 524, 528; Texas City Transportation Co. v. Winters (Tex. Com. App.) 222 S. W. at p. 543; Citizens' National Bank of Brownwood v. Texas Compress Co. (Tex. Civ. App.) 294 S. W. 331, 337, 338 (writ of error refused)."

Whatever uncertainty there has been upon this question is now definitely settled. Article 2190 of the statute (Rev. St. 1925), it will be observed, declares:

"An issue not submitted and not requested is deemed as found by the court," etc.

Whereas the decisions deciding this question of practice are to the effect that a cause of action or ground of defense not submitted nor requested to be submitted must be held to have been waived. There is a marked distinction between a mere "issue" in a case and a "ground of recovery or defense." This distinction is accentuated especially in the Ormsby-Ratcliffe opinion.

The assignment of error quoted in the beginning of this opinion, therefore, must be sustained. We think the other questions presented in the application for writ of error were rightly disposed of, for the reasons stated in the opinion of the Court of Civil Appeals.

We therefore recommend that the judgments of the trial court and of the Court of Civil Appeals permitting a recovery by defendant in error for the sum of $1,090 with interest, same being the amount found by the trial court upon a defense not submitted nor requested to be submitted, be reversed, and judgment be here rendered in favor of plaintiffs in error.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for plaintiffs in error, as recommended by the Commission of Appeals.