### KIRK v. TUCKER.    (No. 442.)

Court of Civil Appeals of Texas. Eastland.
May 4, 1928.

Rehearing Denied June 8, 1928.

1. **Appeal and error** ⬅747(2)—**Grounds of negligence not submitted held waived, where plaintiff did not complain of failure to submit them.**

Where only one ground of negligence was submitted to jury, other grounds of negligence, if any, were, waived, where plaintiff did not complain by cross-assignment of any failure of court on request to submit other grounds.

2. **Master and servant** ⬅277—**Carpenter, suing for injuries from breaking of scaffold, held not to have shown any relationship rendering defendant liable.**

In action by carpenter for injuries from breaking of alleged defective scaffold, evidence *held* not to show that defendant was owner of house being built or of relationship giving plaintiff right to recover from defendant.

Appeal from Taylor County Court; Tom K. Eplin, Judge.

Action by E. C. Tucker against D. S. Kirk. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered for defendant.

Stinson, Hair, Brooks & Duke, of Abilene, for appellant.

Wilson & Childers, of Abilene, for appellee.

FUNDERBURK, J. The appellee, E. C. Tucker, sued appellant, D. S. Kirk, for damages, and recovered judgment from which this appeal is prosecuted. The cause of action alleged, in so far as it constitutes the basis of the judgment rendered, was that appellee was regularly employed by appellant as a carpenter, and, while working on a house for defendant, the foreman ordered appellee over his protest to build a scaffold for the purpose of putting up and nailing shiplap to the ceilings and walls of a room; that the material used in the scaffold was knotty and crooked

and of low grade; that the injury occurred from the scaffold breaking and falling while appellee was standing on same at work; and that appellant was negligent in furnishing poor and knotty material for the scaffold and in forcing appellee to work on same. Appellee's pleadings are subject to serious criticism, but we do not think it necessary or proper to dispose of the case on the ground of the insufficiency of the pleadings.

At the close of the testimony, appellant requested a peremptory instruction in his favor, and assigns error upon the refusal of the court to give it. We think this assignment must be sustained. Only one ground of negligence was submitted to the jury, namely:

"Was the defendant guilty of negligence in causing plaintiff to work upon the scaffold which was used in the house in question?"

[1] The affirmative answer of the jury to this question constitutes the basis of the judgment. Other grounds of negligence, if any, were waived, since there are no cross-assignments complaining of any failure of the court upon request to submit other grounds. Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591; Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084.

[2] The evidence is wholly insufficient to show that appellant was the owner of the house that was being built. Appellee's testimony to the effect that when he was employed by Mr. Lester, the latter told him that appellant was foreman, tends rather to show that appellant was not the owner. His further testimony that appellant paid him, and when he did so told appellee that the latter was working for him (appellant), is entirely consistent with what Lester had said, and by no means shows that appellant was the owner of the house. There is equally wanting any evidence to show that appellee's employment as a carpenter brought him into any such relationship with appellant as imposed upon the latter any greater duty or responsibility for the construction and use of the scaffold than was imposed upon appellee himself. According to the appellee's own testimony, it was Lester who employed him, who knew of the defects in the lumber, who ordered the building of the scaffold and the use of same by appellee. The evidence clearly shows that appellee had knowledge of all these things himself. There is an entire absence of the evidence of any facts showing liability of appellant for the acts of Lester. So far as we can find, there is no evidence whatever that appellant had anything to do with the building or use of the scaffold, save as he may have been represented by Lester. But, even if it were shown that the acts of Lester were, under the law of agency or of master and servant, the acts of appellant, still there is no right of recovery shown, since appellee testifies:

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Mr. Lester did not tell me to build the scaffold, but I helped build it. * * * I did not call any one's attention to the scaffold and the holes in the planks. I had been working at the carpenter business five or six weeks * * * Yes; I took the responsibility of putting up the shiplap, and I got up on this scaffold at my own responsibility. I got up there every once in a while. Mr. Lester was across on the next street on another job. He was not there at the time of my injury. * * * It was the pieces that held up the planks that broke. That caused the scaffold to fall. I could have put up two pieces to hold them up. Yes; I guess I could have done that."

No such relationship between the parties was either alleged or proved as would give appellee the right to recover judgment under his own testimony. In view of this holding, it will be unnecessary to pass upon the other assignments.

The judgment of the trial court is reversed, and judgment is here rendered for appellant.