## FIDELITY UNION CASUALTY CO. v. ARNOLD.

### No. 4039.

Court of Civil Appeals of Texas. Texarkana.
June 18, 1931.

Rehearing Denied June 25, 1931.

W. J. Townsend, of Lufkin, and Collins & Houston and W. E. Johnson, all of Dallas, for appellant.

Victor A. Smith and Smith, West & Gladney, all of Henderson, for appellee.

WILLSON, C. J. (after stating the case as above).

■■ Appellee, of course, was not entitled to recover anything of appellant without proof that he was an employee of Leath and Maddox at the time he was injured. That appellee was such an employee was, appellant insists, disputed in the evidence adduced at the trial. The court was not requested to submit and did not submit to the jury an issue as to whether appellee was such an employee or not. To render judgment for appellee in that state of the case, appellant asserts, was error entitling it to a reversal of the judgment.

The contention is on the theory that the provision in article 2190, R. S. 1925, that upon appeal "an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such finding" was not applicable to the case. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Norwich Union Insurance Co. v. Chancellor (Tex. Com. App.) 5 S.W.(2d) 494, and Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W. 902, are cited by appellant as cases supporting its contention.

The holding in the Ormsby Case was that "the rule [quoting the syllabus in 117 Tex. 242, 1 S.W.(2d) 1084] established by Art. 2190, Revised Statutes, that on appeal in a case submitted on special issues an issue not submitted or requested to be submitted is deemed as found by the trial court in such manner as to support its judgment applies only to such omitted issues as are supplemental or incidental to, and which support, the findings on which judgment was based. It does not extend to independent grounds of recovery or defenses. These are waived by the party asserting them by failure to request their submission. They can not be considered as found by the court in his favor in order to support a judgment not warranted by the findings on independent grounds of recovery or defense upon the special issues which were submitted." As we understand the holding, it does not support appellant's view of the law. As we see it, the issue omitted in the instant case was "supplemental or incidental to, and which supported, the findings on which judgment was based." That this is true, we think, is made plain by the statement in North v. Atlas Brick Co., 13

S.W.(2d) 59, 61, where Judge Speer of the Commission of Appeals, referring to the Ormsby Case and to Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591, said: "An issue submitted in part, or even defectively submitted, with the acquiescence of the parties, is not waived. It is like the ordinary issue of negligence in a personal injury case. The complete ultimate issue is usually made up of four elements or subsidiary issues, being those of (1) the fact alleged, (2) whether the same be negligence, (3) whether such negligence be the proximate cause of injury, and (4) the amount of damage. Now, if one or more of such elements, or issues as they are usually denominated, be submitted and the others not submitted nor requested to be submitted, such issue is not waived, but the court may find, and under the statute is deemed to have found, the unsubmitted issues in such way as to support the judgment rendered by him." The holdings of the Commission of Appeals in the Brick Company Case were expressly approved by the Supreme Court, and what Judge Speer said as quoted above we think should be treated as an authoritative interpretation of the meaning of the holding in the Ormsby Case; especially so, since such interpretation was adopted and applied by the Commission of Appeals in disposing of the writ of error granted by the Supreme Court in McDaniel v. Orr, 30 S.W.(2d) 489. And see Oil Corporation v. Garrett (Tex. Civ. App.) 22 S.W.(2d) 508.

So far as the holding in Ins. Co. v. Chancellor (Tex. Com. App.) 5 S.W.(2d) 494, 495, mainly relied upon by appellant, it seems, may be in conflict with that in the Brick Company Case, we think it should be treated as overruled. The Chancellor Case was like this one, in that there the plaintiff sought to recover as an employee of one Wattinger, while the insurance company claimed he was an employee of one Morris, an independent contractor. There was a jury finding that Morris was an independent contractor, and no finding, and none requested, as to whether the plaintiff was an employee of Wattinger or not. In reversing the judgment of the Court of Civil Appeals [2 S.W.(2d) 495] and affirming a judgment of the trial court in favor of the insurance company, the Commission of Appeals held that a presumption could not be indulged in support of the judgment that the trial court had found that Chancellor was not an employee of Wattinger, and then said: "If it should be [said] that the submission of the issue whether or not Morris was an independent contractor was in effect in part a submission of the issue of whether or not defendant in error [Chancellor] was an employee of Wattinger, so as to preclude the inference of waiver of the latter issue, then under the statute as interpreted by the authorities above cited [Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, and Bulin v.

956

Smith (Tex. Com. App.) 1 S.W.(2d) 591] the trial court will be presumed to have found such latter issue in such a way as to support his judgment. * * * So that, in any event, the judgment of the trial court should have been affirmed as conclusively finding against defendant in error on the indispensable issue of his being an employee of Wattinger."

The holding in the Brick Company Case, referred to above, which we regard as authority requiring this court to overrule appellant's contention, is not in conflict with the holding in Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W. 902, the other case cited by appellant in its brief.

As we view the record, the judgment is not subject to the objection urged to it in the assignment of error referred to. Therefore, it will be affirmed.