**TURFITT v. PERALES et ux.**

No. 6664.

Circuit Court of Appeals, Fifth Circuit.

Feb. 17, 1933.

Rehearing Denied April 1, 1933.

Jas. L. Abney and J. F. Whitelaw, both of Brownsville, Tex., for appellant.

V. W. Taylor, F. W. Seabury, and E. T. Yates, all of Brownsville, Tex., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, complaining of a verdict and judgment against him in a trespass to try title suit, claims that as matter of law he proved his title clear, and should have had the instructed verdict he moved for. He assigns error to the action of the court in permitting defendant to make in the evidence and the charge, a jury issue on his claim that plaintiff could not recover because of the existence of a valid, outstanding title.

The record admits of no other conclusion than that appellant is right on both points. His petition in statutory form set his paper title out from Brown, the common source, and further pleaded title by limitation.

Appellee pleaded not guilty, limitation of five and ten years, to the whole tract sued for by plaintiff, and specially pleaded that he had title from Brown, the common source, by a parole sale. Plaintiff's proof showed that he had paper title to the land sued for from the common source, and by chain of title under patent from the state of Texas. It showed further that unless his title was defeated by the defendant's specially pleaded title by parole sale and limitation, he had also a perfect limitation title to it.

The undisputed proof showed that defendant, now nearly one hundred years old, had many years before 1892 gone into possession of the land as a tenant of Brown's, looking after for him a ferry located on it, and generally assisting him in looking after his lands and stock in that territory. That by Brown's permission he had erected a house and inclosed some fields on the property, and that he had been there since 1892, either as Brown's tenant or as his parole vendee. Notwithstanding this state of the pleading and proof, the trial court, over plaintiff's objection, permitted defendant to offer, and to make a jury issue on, proof that though the land in question lay within the lines of the Espiritu Santo patent, it did not lie within the field notes of the original Spanish grant, but within those of a Mexican grant to Ramirez. This was error. Both by his special pleading and by his proof defendant affirmed that he went into possession under Brown as his tenant, and that his possession and use of the land derived from Brown, either as his tenant or his vendee. This pleading and these facts estopped defendant from denying that Brown, the common source, had had title. Davis v. Lund (Tex. Com. App.) 41 S.W.(2d) 57; and prevented his asserting the existence of an outstanding title superior to Brown's. Joyner v. Johnson, 84 Tex. 465,

19 S. W. 522; Cooke v. Avery, 147 U. S. 392, 13 S. Ct. 340, 37 L. Ed. 209; Cox v. Hart, 145 U. S. 386, 12 S. Ct. 962, 36 L. Ed. 741.

Estoppel aside, the proof was wholly insufficient to show a title outstanding against the common source. Holland v. Nance, 102 Tex. 177, 114 S. W. 346; Ogden v. Bosse, 86 Tex. 346, 24 S. W. 798; Rice v. Ry., 87 Tex. 90, 26 S. W. 1047, 47 Am. St. Rep. 72; .House v. Reavis, 89 Tex. 626, 35 S. W. 1063; McBride v. Loomis (Tex. Com. App.) 212 S. W. 481; Temple Lbr. Co. v. Arnold (Tex. Civ. App.) 14 S.W.(2d) 926. It was also error to refuse appellant's motion for an instructed verdict, made at the close of the case. Defendant's proof of parole sale wholly failed to make out a case. It is settled law in Texas that the prohibitions of the statute of frauds (Vernon's Ann. Civ. St. Tex. art. 3995, et seq.) will not be relaxed except where necessary to prevent a fraud. That: "Equity has no concern in such cases except to prevent the perpetration of a fraud. That is the only ground that can· justify its interference. Otherwise, the exercise of its jurisdiction for the practical annulment of the statute would be but bare usurpation." Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 1116, 15 A. L. R. 216. By no possible stretch can it be contended that the intervention of equity was necessary here to prevent a fraud. Defendant's proof, equivocal at best, as to whether he is claiming a gift of the use, or a gift of the fee, is indefinite in description of the land he got the use of, indefinite as to the consideration, that is, how long he was to serve for his reward, and it not only fails to show that the value of the improvements on which he relies to take the case out of the statute was substantially in excess of the value of the use, but it shows affirmatively that they were greatly less than such value. Page v. Vaughan (Tex. Civ. App.) 173 S. W. 541, 543. Evidence of this kind which, taken as a whole, indicates rather a cession to the defendant of the right to use part of the property he was overseeing while he was overseeing it than an outright transfer of it, cannot be tortured into a parole sale. Wells v. Foreman (Tex. Civ. App.), 199 S. W. 1174; Reeves v. San Antonio Bldg. Materials Co. (Tex. Civ. App.) 27 S.W.(2d) 905.

Nor is defendant in any better case on his plea of limitation. His evidence, which, notwithstanding the greatly equivocal character of it, might, if believed, be sufficient to show an adverse possession within the statutes of an undefined part of the land described and sued for by plaintiff, showed positively that he neither had possession of, nor was claiming the whole of, plaintiff's tract, while neither his pleading nor his proof undertook to define the part he was claiming or had possessed so as to support a verdict and judgment for that part. The undisputed proof is that the tract described and sued for by plaintiff lies on both sides of the "old Alice road." The testimony of plaintiff and of all the witnesses who testified on the point is unequivocal that defendant claimed only east of the Alice road. That his possession was fixed there and that he never either claimed or possessed any of the land plaintiff sued for lying west of it. Further, neither his pleading nor his proof identifies, so as to rest a judgment on it, the particular part of the tract east of the Alice road which he claimed and possessed. It clearly appears that he was never in possession by fencing, of all of the tract to the east of the road, and that his inclosures and use were confined to his jacal and some small fields of thirty or forty acres in extent in the vicinity of it. Plaintiff proved title to the whole. Defendant claimed the whole, but failed to prove title to it. He also failed to identify by pleading and proof the part he did possess. There was therefore no basis on which a verdict for him could rest. Plaintiff should have had his instruction. Walker v. Maynard (Tex. Civ. App.) 31 S.W.(2d) 169; Oliver v. West Lbr. Co. (Tex. Civ. App.) 287 S. W. 103; Kirby Lbr. Co. v. Conn, 114 Tex. 104, 263 S. W. 902; Wilson v. Purl, 148 Mo. 449, 50 S. W. 90, 91; La. & T. Lbr. Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1111; Giddings v. Fischer, 97 Tex. 184, 77 S. W. 209; Carter & Bro. v. Collins (Tex. Civ. App.) 192 S. W. 324; Patterson v. Bryant (Tex. Civ. App.) 191 S. W. 771.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.