## SAN ANTONIO PUBLIC SERVICE CO. v. TRACY. (No. 6398.)

(Court of Civil Appeals of Texas. San Antonio. April 21, 1920.)

1. **Appeal and error ⬅═930(3)—Judgment for plaintiff not to be supported by doctrine of discovered peril, where such issue was not submitted to jury.**

Where defendant, having pleaded discovered peril, acquiesced in submission which eliminated such issue, he could not sustain verdict in his favor, on defendant's appeal, on the ground that the evidence showed discovered peril, notwithstanding Rev. St. art. 1985, providing that an issue not submitted and not requested by a party to the cause shall be deemed as found by the court in such manner as to support the judgment, provided there be evidence to sustain such finding; such statute merely meaning that where a jury has passed on certain issues as to a certain case submitted to them, if there be evidence as to other necessary matters connected with the issues found by the jury, it will be deemed that the court found on such matters in order to support such judgment.

2. **Street railroads ⬅═114(15)—Evidence held to show contributory negligence of automobile driver.**

In action against street railroad for damages to automobile driven upon track in front of moving car, evidence *held* to support railroad's claim that accident was caused by contributory negligence.

3. **Appeal and error ⬅═1094(1)—Ultimate decision as to the facts is for Court of Civil Appeals.**

Under Rev. St. art. 1590, juries are exclusive judges of credibility of witnesses and the weight to be given their testimony, and the only other court that can legally inquire into the facts of a case is the Court of Civil Appeals, which alone is charged with the ultimate duty of decision as to the facts.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by L. O. Tracy against the San Antonio Public Service Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

W. S. Peyton and T. H. Ridgeway, both of San Antonio, for appellee.

FLY, C. J. This suit was instituted by appellee to recover damages from appellant for its alleged negligence in running into his automobile with its street car and injuring him seriously and permanently. The jury, through responses made to six questions asked them by the court, gave appellee $1,500 in damages, and judgment was so rendered by the court.

The first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth assignments of error attack the verdict of the jury on the ground that the testimony clearly showed that the accident resulted from the contributory negligence of appellee and that appellant was not guilty of negligence. These contentions require a thorough investigation and consideration of the testimony in the case. If appellee has shown any negligence upon the part of the appellant, it has been done by his own testimony and that of his son, who was 16 years old. Their testimony discloses that appellee and his son were in a "Ford truck" coming east down Commerce street, in the city of San Antonio, and caught up with a street car which had stopped on a corner to receive and discharge passengers. The automobile was halted about the middle of the south side of the car until preparations were made to start, when appellee, who was driving the little truck, started for the city. After running about two blocks, at a place just beyond a street crossing an automobile was parked, as stated by appellee, about 40 feet from the crossing, and appellee turned his truck onto the street railway track in order to run around the parked automobile, and just after he did this the street car struck the truck on the corner of it nearest the car and shoved or threw it towards the south against the parked automobile. After striking the truck the street car ran probably 20 feet, or its length, before it stopped. Appellee did not look back to see how close the car was when he turned on the track, but said that his son told him that he had plenty of room to run on the track around the automobile. The son swore that he looked back and saw the street car about 100 feet off, coming at the rate of 30 miles an hour, and, although the truck was only going at the rate of 15 miles an hour, advised his father that he had time to go on the track and run around the stationary automobile. Under repeated questions, he managed afterwards to have the truck speeding up so that it was running possibly 18 or 20 miles an hour. Appellee swore that he did not know how far the street car was from him when he went on the track. Neither appellee nor his son gave any signal of any kind to the street car, but turned suddenly onto the track. Appellee swore that he heard no bell rung on the street car, but it was clearly shown that it was rung a number of times. The conductor and motorman swore positively that when appellee got near the parked car he turned his truck sharply onto the track and ran into the front corner of the street car, and that the accident occurred immediately after the truck was turned on the track. Both the conductor and motorman had left the service of appellant at the

time they testified, and they were fully corroborated by four disinterested passengers who were on the street car at the time. All of the witnesses except the son of appellee testified that the street car was not running at a fast rate of speed. Appellee does not claim that he tried to see how close the car was when he attempted to pass in front of it, but relied on the judgment of a 16 year old boy as to whether he could safely make the turn. On that opinion he took the chances and drove in front of a car which the boy says was moving at the rate of 30 miles an hour, when his automobile was moving at the rate of 15 to 20 miles an hour. The turn was made suddenly, without warning, and evinced a reckless desire to outstrip in speed the street car, which could not, under the testimony, have avoided a collision. The recklessness of appellee was shown by the testimony of six disinterested witnesses, and it is apparent from the testimony of appellee and his son also.

[1] Appellee contends that he pleaded discovered peril and that the evidence showed it. We fail to discover any evidence of discovered peril, but if there were such evidence it could not be considered, because that phase of negligence was not considered by the jury, and cannot be considered by this court. Appellee acquiesced in a submission which eliminated discovered peril. If a plaintiff can allege separate acts of negligence, acquiesce in the submission of only one of them to a jury, and then sustain the verdict on a ground of negligence upon which the jury did not pass, but which it is presumed was found by the judge, jury trial would become a farce, and the ultimate decision on facts as to other grounds of negligence would rest with the judge. Article 1985 of the Revised Statutes is not elastic enough to stretch to that extent. It simply means that where a jury has passed on certain issues as to a certain case submitted to them, if there be evidence as to other necessary matters connected with the issues found by the jury, it will be deemed that the court found on such matters in order to support the judgment.

In this case appellee alleged negligence in failing to give a signal or warning of the approach of the street car, in operating the car at a rate of speed in violation of a state law and a city ordinance, in failing to keep a lookout, and discovered peril. The only issue submitted was as to whether the car was being operated negligently, and not as to discovered peril. If the question could have been considered by the court, then we hold that there was no testimony tending to show that the employés of appellant discovered the peril in time to have stopped the car and avoided the collision.

[2, 3] The evidence in this case is so preponderatingly against the claim that the negligence of appellant caused the accident, and shows by such a strong preponderance of evidence that the accident was caused by the contributory negligence of appellee, that an appellate court is not only authorized, but is compelled by justice and reason, to set aside the verdict and judgment. However, we cannot accede to the claim of the Commission of Appeals, in Railway v. Gaddis, 208 S. W. 895, that any appellate tribunal in Texas, whether it be a Court of Civil Appeals or the Supreme Court, has the authority, under the Constitution of the state, to pass upon questions of fact "untrammeled by what other minds may have concluded, and with the consciousness that its own conclusion may not in every instance meet the full approval of others equally capable but not charged with the ultimate duty of decision." Under the Texas system, juries are the exclusive judges of the credibility of witnesses and the weight to be given their testimony, and the only other court that can legally inquire into the facts of a case is a Court of Civil Appeals, and it alone is "charged with the ultimate duty of decision" as to the facts. Article 1590, Revised Statutes, says, "The judgments of the Courts of Civil Appeals shall be conclusive in all cases on the facts of the case;" and the language is clear and imperative. Heretofore the full force and effect of that law has been avoided by a ruling that when the Supreme Court concludes that there is no evidence to sustain a finding of fact made by a jury, a district judge, and a Court of Civil Appeals, a question of law arises and the jurisdiction of the court "charged with the duty of ultimate decision" attaches. We have cited the decision in Railway v. Gaddis merely to show that, if the Supreme Court can destroy a jury verdict on the facts, a court clothed with the exclusive authority to pass on facts can set aside the finding of a jury when deemed to be in the face of the strong preponderance of the testimony or altogether unsupported by the facts.

It may be that any one will be permitted to testify to the speed of a moving vehicle; but, while this is true, it would seem that evidence as to a vehicle following after a man in another vehicle would be of little value when it was shown that his judgment of the speed of the vehicle following him was based on a mere glance backward, and especially when he thought that a Ford truck moving at a rate of 15 miles could run onto a railway track and escape contact with the street car moving at the rate of 30 miles an hour, when only 100 feet intervened. The opinion as to the speed of the street car had no basis upon which to rest. When a vehicle is passing, its velocity may be roughly measured by the objects it passes, or possibly a party not in motion might gain some idea of the speed of an approaching car; but if he gains his knowledge of its

speed by the fact that it is gaining on the moving vehicle in which he is riding, it should warn him of the danger if he remain in the pathway of the approaching car. It would evidence contributory negligence to get in the way of an approaching railway car moving twice as fast as the vehicle going on the track in front of it to go probably 40 feet on the track.

The errors complained of in connection with the conduct of the jury need not be considered, in view of the opinion of this court in regard to the evidence as to negligence of appellant and contributory negligence of appellee.

The judgment is reversed and the cause remanded.