**SOUTHWEST NAT. BANK OF DALLAS v. HILL. (No. 329.)**

Court of Civil Appeals of Texas. Eastland. July 1, 1927.

Rehearing Denied Sept. 16, 1927.

1. Trial ⬤⟷366—Broker waived right to recover commission on theory of contract by failing to object to court's submitting issue solely on theory of quantum meruit (Rev. St. 1925, art. 2190).

Under Rev. St. 1925, art. 2190, where plaintiff's pleadings sought recovery of broker's commission for procuring purchaser for realty on theory of contract, and in the alternative on quantum meruit for reasonable value of services, but issue was submitted to jury solely on theory of quantum meruit, and plaintiff failed to request submission on theory of contract or to object to court's omission to present it, he waived right to recover on contract, regardless of what evidence showed.

2. Judgment ⬤⟷256(6)—Judgment for broker in excess of amount found by jury on theory of quantum meruit, held, under evidence, not sustainable on theory that uncontradicted evidence showed contract respecting commission.

Where owner denied ever listing land for sale with broker, and broker admitted and testified that owner's agent did not agree as to the exact per cent. or amount of commission, judgment for broker, disregarding amount which jury found he was entitled to on theory of quantum meruit, *held* not sustainable on ground that evidence was uncontradicted that there was a contract to pay 5 per cent. commission.

3. Judgment ⬤⟷256(6)—Trial court held not authorized to disregard jury's finding as to right to compensation on quantum meruit and enter judgment on theory of contract.

Where trial court submitted question of real estate broker's right to recover commission on theory of quantum meruit only, it had no right to disregard jury's finding as to the fair and reasonable value of broker's services and enter judgment for greater amount, on theory that owner agreed to pay commission of 5 per cent. since the doctrine of judgment non obstante veredicto does not obtain in Texas.

Appeal from District Court, Dallas County.

Action by W. H. Hill against the Southwest National Bank of Dallas. Judgment for plaintiff, and defendant appeals from an order overruling the motion for a new trial. Judgment reformed and affirmed.

Thomas, Frank, Milam & Touchstone and Touchstone, Wight, Gormley & Price, all of Dallas, for appellant.

Robertson, Robertson & Gannon, of Dallas, for appellee.

LESLIE, J. W. H. Hill sued the Southwest National Bank of Dallas and the North Texas National Bank of Dallas (the former having assumed the obligations of the latter) for a commission of $1,750.36 for services rendered as a real estate broker in selling a tract of land in Navarro county. Plaintiff alleged that, at the time of his employment by the bank to sell the land, no particular amount of percentage of commission was mentioned, but that a commission would be paid. It was further alleged that the usual and customary commission in such transactions in Dallas and Navarro counties was 5 per cent. of the sale price, and that, by reason of such custom, although not expressly mentioned, the mind of the plaintiff and that of the defendant met on the basis of the rate named as plaintiff's compensation for his services.

Further, in the alternative, plaintiff pleaded in quantum meruit for the reasonable value or compensation for his services in effecting the sale of said land, and alleged that 5 per cent. of the total sale value thereof constituted such compensation.

Defendants answered by general demurrer, general denial, and specially denied that the plaintiff was the procuring cause of the sale of the property, and pleas not necessary to mention.

The court submitted the case to the jury on special issues, and that body answered to the effect: (1) That plaintiff, Hill, was the procuring cause of the sale by the bank; (2) that Hill was the agent first in point of time to bring the attention of the defendant bank to the purchaser, I. T. Kent; (3) that Hill at no time offered to sell the land to Kent for $50 an acre; (4) that Hill was not given a fair and reasonable time and opportunity by the bank within which to make a sale of the land in question or obtain an offer satisfactory to the bank; (5) that Fred Mercer, an officer of the bank, was not the instrumentality whose act was the proximate cause of making the sale of the land in question; and (6) that $965 was a fair and reasonable compensation under all the circumstances and evidence for the services of plaintiff, Hill, to the Southwest National Bank in effecting said sale.

Upon plaintiff's motion, the court entered a judgment for the plaintiff for the sum of $1,750.36, which was a commission of 5 per cent. upon the selling price ($35,007.35) of the land. From an order overruling the motion for a new trial, the defendant appeals, seeking to avoid the judgment of the trial court by proper assignments of error, in so far as that judgment is in excess of the jury's verdict, to wit, $965.

[1] To the extent of such excess, the court disregarded the verdict of the jury. It is evident that the trial court, in the preparation and submission of the issues to the jury, considered the plaintiff's right to recover founded upon a quantum meruit basis. As present-

ed to this court, the correctness of the trial court's judgment must be tested by that theory. In plaintiff's pleadings he sought to recover a commission (alleged to be in any event 5 per cent. of the sales price) by reason of a contract therefor, between himself and the defendant, and further upon the ground that the commission sued for was the reasonable value of his services. Regardless of what testimony he may have offered to support recovery on the contract theory, no issue thereon was submitted by the court to the jury as to the plaintiff's right to recover an agreed compensation, and in this respect the plaintiff urged no objection to the charge, nor did he request the submission of such an issue. In this state of the record, the plaintiff waived his right, if any he had, to recover a 5 per cent. commission on the theory of a contract therefor. A party presenting an issue will be deemed to have waived the same unless he requests a finding thereon or objects to the court's omission to present the same to the jury for their consideration. Article 2190, R. S. 1925; Turner v. M. K. & T. Ry. Co. (Tex. Civ. App.) 177 S. W. 204; Tex. City Transp. Co. v. Winters (Tex. Com. App.) 222 S. W. 541; Tex. Drug Co. v. Cadwell (Tex. Civ. App.) 237 S. W. 968; Kirby Lumber Co. v. Conn at al., 114 Tex. 104, 263 S. W. 902; National Union Fire Ins. Co. v. Richards (Tex. Civ. App.) 278 S. W. 489.

[2] Neither can the judgment be upheld, as contended by appellee, on the ground that all the issues submitted to the jury, except the first, were immaterial, since the evidence is uncontradicted that there was a contract between him and appellant for a 5 per cent. commission. We cannot agree with this contention. Appellants denied ever listing this land for sale with appellee, though no point is made of this on this appeal, and as to the amount of compensation, appellee himself admitted and testified that Mercer, the agent of appellant, "did not stipulate at that time the exact per cent. or amount of commission."

[3] We come to the controlling question in the disposition of this appeal, which is the right of the trial court under the facts presented by this record to disregard the jury's findings that the plaintiff's services were of the reasonable value of $965, and enter its own judgment in favor of the plaintiff for the sum of $1,750.36. As noted, the trial court presented the case to the jury upon the theory of quantum meruit. The jury found that the plaintiff, Hill, was the procuring cause of the sale of the land in question, and the appellant under this record is bound by that finding. It follows that the fair and reasonable compensation of the plaintiff, under the circumstances in evidence, for the services rendered defendant, was a material issue. It was properly presented to the jury.

Their answer was $965. The court disregarded that finding, and this it had no right to do, as the doctrine of judgment non obstante veredicto does not obtain in Texas. Massie v. Hutcheson (Tex. Com. App.) 270 S. W. 544, and authorities cited therein.

The assignment complaining of the action of the court in entering said judgment in excess of the jury's verdict in sustained. For the reasons assigned, the judgment of the trial court will be reformed and entered in favor of appellee for the sum of $965 as of date entered in the trial court, but the cost of this appeal is adjudged against appellee.

The judgment is so reformed and affirmed.