## ROBERT OIL CORPORATION v. GARRETT.

### No. 1436—5647.

Commission of Appeals of Texas, Section A.

April 1, 1931.

John W. Mackey, of Breckenridge, and G. O. Bateman, Thompson, Knight, Baker & Harris, and J. H. Ranson, all of Dallas, for plaintiff in error.

C. J. O'Connor and Frank S. Roberts, both of Breckenridge, and E. W. Bounds, of Fort Worth, for defendant in error.

CRITZ, J.

The issues of this case are fully stated in the opinion of the Court of Civil Appeals. 22 S.W.(2d) 508. We refer to that opinion for a full statement of the issues and facts involved. We, however, here make a sufficient

136

statement to render this case complete within itself.

This suit was filed in the district court of Stephens county, Tex., by A. F. Garrett against Robert Oil Corporation, a corporation, to recover damages on account of personal injuries alleged to have resulted to Garrett on account of being run down by an automobile belonging to the oil company. It is alleged that the automobile was being operated by, and under the control and possession of, H. L. Peterman, superintendent and agent of the oil company, and that the company, its agent, servants, and employees were guilty of negligence in certain particulars, fully set out in the petition. Trial in the district court resulted in a verdict on special issues, and, based on this verdict, judgment was entered for Garrett. On appeal to the Court of Civil Appeals at Eastland this judgment was reversed, and the cause remanded to the district court for a new trial. 22 S.W.(2d) 508. Both parties have prosecuted writs of error to the Supreme Court, and both writs have been granted.

The trial court submitted the following issue to the jury: "'Special Issue No. 1. At the time the automobile in question struck the plaintiff, was it being driven by or under the direction of H. L. Peterman? Answer 'Yes' or 'No.'" The jury answered the above issue "Yes."

The Court of Civil Appeals holds in effect that there is evidence in the record to raise the fact issue as to whether Peterman was present in the car, but no pleading or evidence to raise the fact issue as to whether the car was being driven by another under the direction of Peterman. The question as worded includes the issue as to whether another was driving the car under Peterman's direction, and the answer is an affirmative finding thereto. There is absolutely no evidence in the record to justify the submission of such an issue or to support such a finding. In other words, there is no evidence in the record sufficient in law to support the finding that another was driving the car under Peterman's direction. The oil company excepted to the issue at the proper time, and the matter presents reversible error.

It seems from the record, and the opinion of the Court of Civil Appeals, that the plaintiff alleged several specific and distinct grounds of negligence. The trial court submitted the issue of negligence in one general question, without requiring a separate finding on each specific ground alleged. The jury found negligence in response to this one general issue. No complaint was made by either party to this form of submission. There is evidence to support some of the grounds of negligence alleged, but none to support others. As we understand the opinion of the Court

of Civil Appeals, it holds that no judgment can be based on such a verdict, because it is impossible to tell which of the grounds of negligence alleged were found by the verdict, and therefore the matter presents fundamental error. We disagree with this holding, and think that none of the authorities cited by the Court of Civil Appeals support the same. Of course both parties to this cause had the right to require each specific ground of negligence to be submitted to the jury separately and distinctly, but, in the absence of any objection, this form of submission does not present fundamental error.

The other questions presented will probably not arise on another trial.

We recommend that the judgment of the Court of Civil Appeals, which reverses the judgment of the district court and remands the cause for a new trial, be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed.