**Motion Granted; Abatement Order filed October 25, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-12-00523-CR

———————

**KENNETH LYNN SCHROEDER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 10CR2872

## ABATEMENT ORDER

A jury convicted appellant of felony driving while intoxicated. The court assessed punishment, enhanced by a prior conviction, at 25 years in prison, and sentence was imposed on April 26, 2012. At sentencing, appellant informed the court, with counsel present, that he wanted to file a motion for new trial. Appellant filed a *pro se* notice of appeal the same day, although he was still represented by retained counsel who had not moved to withdraw. On May 29, 2012, appellant filed a *pro se* motion extension of time to file a motion for new trial, complaining that his attorney had not responded to his

several attempts to contact him. [1] On June 4, 2012, the trial court signed an order denying the request, acknowledging that it lacked authority to extend the deadline. No motion for new trial was filed. Appellant's counsel moved to withdraw on June 12, 2012, after the time for filing a motion for new trial had expired. The trial court granted the motion, and the court appointed current counsel on June 29, 2012. [2]

Appellant asks that we abate the appeal and remand to the trial court so that he may file a motion for new trial and have a hearing thereon to develop his claim of ineffective assistance of counsel. Appellant asserts that, in addition to prior counsel's failure to respond during the time to file a motion for new trial, counsel's representation was deficient in other respects. Appellant complains about his former counsel's failure to comply with the agreed upon strategy to hire a well respected pharmaceutical expert to testify about appellant's prescription medication. Based on prior counsel's false assurances that the proposed expert testimony would clear him, it is alleged that appellant turned down an 8-year plea bargain and now faces 25 years in prison. Appellant alleges that former counsel never contacted or hired the proposed expert and instead call a pharmacist, who counsel represented in another matter, to testify and his testimony was discredited.

The thirty-day period for filing a motion for new trial is a critical stage of the proceedings during which a criminal defendant is constitutionally entitled to effective assistance of counsel. *Cooks v. State,* 240 S.W.3d 906, 911 (Tex. Crim. App. 2007). When the record does not reflect that trial counsel withdrew or was replaced by new counsel after sentencing, there is a rebuttable presumption that trial counsel continued to effectively represent the defendant following conviction even if no motion for new trial was filed and the defendant filed a *pro se* notice of appeal. *See Oldham v. State*, 977

---

[1] May 29, 2012, was the last day for filing a motion for new trial because the deadline was extended by the Memorial Day holiday. *See* Tex. R. App. P. 4.1.

[2] Appellant's current counsel has now been retained.

S.W.2d 354, 363 (Tex. Crim. App. 1998) (holding that appellant failed to rebut the presumption that he was adequately represented by counsel during the time for filing a motion for new trial). Even when a defendant can rebut the presumption, the deprivation of counsel is subject to a harm analysis. *Cooks,* 240 S.W.3d at 911.

We find that appellant has rebutted the presumption that he was adequately represented during the thirty-day period for filing a motion for new trial. *See Blumenstetter v. State*, 117 S.W.3d 541, 545–46 (Tex. App.—Texarkana 2003, order). In addition, appellant has raised a "facially plausible claim" that could have been alleged in a motion for new trial; therefore, the error is not harmless beyond a reasonable doubt. *See Cooks,* 240 S.W.3d at 912; *see e.g., Ex parte Napper,* 322 S.W.3d 202, 247-48 (Tex. Crim. App. 2010) (finding counsel's failure to hire expert constituted deficient performance under *Strickland*); *Wright v. State*, 223 S.W.3d 36, 43-45 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (reversing on ineffective assistance where counsel did not hire expert).

We may abate to remedy the deprivation of appellant's constitutional right to effective counsel. *See Oldham v. State*, 977 S.W.2d 354, 360 (Tex. Crim. App. 1998); *Rogers v. State,*___ S.W.3d ___, No. 14-09-00665-CR, 2011 WL 7290492 (Tex. App.—Houston [14th Dist.] Feb. 8, 2011, order) (designated for publication).

Accordingly, we **GRANT** appellant's motion, and issue the following order pursuant to Texas Rule of Appellate Procedure 43.6:

We abate this appeal for 120 days and remand to the trial court to allow: (1) appellant the opportunity to file and present a motion for new trial; (2) the trial court the opportunity to conduct a hearing, if necessary, and rule on such a motion; and (3) for the record to be supplemented accordingly. The timetable applicable to a motion for new trial shall begin as if appellant was sentenced on the date this order issues. A supplemental clerk's record containing appellant's motion for new trial, any response thereto, the trial

3

court's ruling thereon, if any, and a reporter's record from any hearing on a motion for new trial shall be filed on or before **February 22, 2013.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party.

It is so ORDERED.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.